UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GERSON NUNEZ,                      :
                                   :
            Petitioner,            :
                                   :   CIVIL NO. 3:CV-07-0051
      v.                           :
                                   :   (JUDGE VANASKIE)
CAMERON LINDSAY,                   :
                                   :
            Respondent.            :
                                   :


M E M O R A N D U M


I.     Introduction.

          Gerson Nunez, an inmate at FPC-Canaan, Waymart, Pennsylvania, has filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Nunez, who proceeds *pro se*,

is making a constitutional challenge to a prison disciplinary proceeding that found him guilty of

possession of contraband.  The Respondent is Cameron Lindsay, the Warden at FPC-

Canaan.[1]

---

[1]  The proper respondent in a petition for writ of habeas corpus is the official having
custody of the applicant.  See Rule 2 of the Rules Governing Section 2254 Cases in the United
States District Courts, 28 U.S.C. foll. § 2254, made applicable to § 2241 petitions by Rule 1(b)
thereof.  In this case the only proper respondent is the Warden of FPC-Canaan.

Petitioner complains he received the following disciplinary sanctions after the hearing:  fifteen (15) hours of extra duty and thirty (30) days loss of commissary privileges. Petitioner asserts that he did not commit the act for which he is accused and was not permitted to present the testimony of his cellmate, who would have assumed responsibility for the contraband item found in their mutual living area.  Contending that the refusal to allow him to call witnesses abridged his due process rights, he requests expungement of the incident report from his prison file.

Nunez has paid the $5.00 filing fee in this matter.  Pursuant to my authority to screen section 2241 petitions, I will summarily dismiss the petition without requiring a response from the government.

## II.   Background.

On March 15, 2006, prison authorities conducted a "shakedown" of SPC-Canaan.  During the shakedown a blue recreation mat was found under Nunez's mattress between his blanket and sheet.  Nunez shared his living area with another inmate, George Sessons.  After the shakedown, both Sessons and Nunez received incident reports related to the blue mat, even though only one (1) blue mat was found during the search.

On March 17, 2006, during the Unit Disciplinary Committee ("UDC") hearing, Nunez's request to call a witness, his cellmate, whom he claims would have taken sole

-2-

responsibility for the blue mat, was refused.  Upon completion of the UDC hearing, the committee found that Nunez had committed the prohibited act of possession of anything not authorized and sanctioned him to do fifteen (15) hours of extra duty and thirty (30) days loss of commissary privileges.

Nunez filed an Administrative Remedy appealing the UDC's findings and for violating his Due Process rights.  Warden Lindsay denied his appeal.  Nunez filed an appeal to the Regional Director, who remanded the matter after finding the UDC failed to thoroughly complete the section of the incident report which advised Nunez of the specific evidence relied upon in determining he committed the prohibited act.  The Regional Director specifically held that a rehearing would not be necessary.

An amended incident report was issued on May 18, 2006.  The UDC relied upon a staff member's "eyewitness" account of a blue recreation mat being discovered under Nunez's mattress between his blanket and sheet in determining he committed the prohibited act.  They noted Nunez's denial of possession of the mat, but elected to believe the information provided by the staff members involved in the case in reaching its decision.  Nunez filed a second Administrative Remedy contesting the UDC findings.  Warden Lindsay again denied his appeal, as did Regional Director D. Scott Dodrill.  On September 25, 2006, Harrell

Watts, Administrator of the National Inmate Appeals, denied Nunez's Central Office

Administrative Remedy Appeal.

## III. Discussion.

As a threshold matter, it does not appear that Nunez can bring this action as a

habeas proceeding under 28 U.S.C. § 2241.  This Court has recognized that an action

contesting prison disciplinary proceedings that do not impact the duration or place of

confinement may not be pursued by way of a habeas petition, but must instead be pursued by

way of a civil action.  See Monsalve v. Williamson, No.4:CV-05-2044, 2005 WL 3159338, at

*2-3 (M.D. Pa. Nov. 28, 2005), aff'd mem., No. 05-5362 (3d Cir. June 16, 2006).  In any event,

Petitioner has not presented a cognizable due process claim.

To invoke the Due Process Clause, Petitioner must first identify a liberty interest for

which he seeks protection.   Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393,

162 L.Ed.2d 174, 189 (2005).  Prisoners are entitled to due-process protection only when the

disciplinary action results in the loss of good-conduct time or when a penalty "imposes atypical

and significant hardship on the inmate in relation to the ordinary incidents of prison life."

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995).

Nunez does not allege he lost any good-time credits.  He asserts only the

following punishment: fifteen (15) hours of extra duty and thirty (30) days loss of commissary

-4-

privileges.  The loss of commissary privileges does not implicate due process.  <u>Reynolds v.</u>
<u>Williams</u>, 197 Fed. Appx. 196 at *2 (3d Cir. 2006)(citing <u>Torres v. Fauver</u>, 292 F.3d 141,
150-51 (3d Cir.2002)).  Likewise, fifteen (15) hours of extra duty does not impose an atypical
or significant hardship on Nunez when compared to that of disciplinary custody.  Furthermore,
these punishments collectively do not result in atypical and significant hardships in relation to
the ordinary incidents of prison life.  Accordingly, Nunez is not entitled to any relief even if the
BOP disciplinary proceedings did not meet the mandates of the due process clause.
Consequently, the habeas petition is subject to summary dismissal.

       An appropriate order will issue.

                                         **s/ Thomas I. Vanaskie**
                                       Thomas I. Vanaskie
                                       United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GERSON NUNEZ, | : |
| | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-07-0051 |
| v. | : |
| | : (JUDGE VANASKIE) |
| CAMERON LINDSAY, | : |
| | : |
| Respondent. | : |
| | : |

# O R D E R

**AND NOW**, this 12th day of February, 2007, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1.  The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**.

2.  The Clerk of Court is directed to mark this matter **CLOSED.**

                                        **s/ Thomas I. Vanaskie**
                                        Thomas I. Vanaskie
                                        United States District Judge